UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES J. LEE, )
  )
  Plaintiff, )
  ) No. 3 08 1063
v. ) (No. 3:08mc0252)
  ) Judge Echols
ROBERTSON COUNTY JAIL, ET AL., )
  )
  Defendants. )

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Robertson County Jail in Springfield, Tennessee. He brings this action under 42 U.S.C. § 1983 against the Robertson County Jail, Officer f/n/u Butner, Officer f/n/u Young, Officer f/n/u Steels, and two unnamed "road officers." The plaintiff names the defendants in their official capacities only, alleging that they violated his rights under the Fourth Amendment. The plaintiff seeks money damages only.

The plaintiff asserts that, sometime in mid-to-late August, 2008, he was assaulted by Officers Butner, Young, Steels, and the two unnamed "road officers." (Docket Entry No. 1, ¶ IV, p. 5 & cont. pages). According to the plaintiff, the officers beat him up after he tried to have himself arrested because he was feeling bad, believed that he might hurt himself, and thought that the officers at the Robertson County Jail could help him.

### II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535

(1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

### A. Robertson County Jail

The plaintiff names the Robertson County Jail as a defendant to this action. However, "persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*).

Just as sheriffs' offices and police departments are not bodies politic and, as such, not persons within the meaning of § 1983, *see Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007)(a sheriff's office is not a legal entity that can be sued under § 1983); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of § 1983), neither are prisons and jails, *see Mitchell v. Chester County Farms Prison*, 426 F.Supp. 271, 274 (D.C.Pa.1976); *Marsden v. Fed BOP*, 856 F.Supp. 832, 836 (S.D.N.Y.1994); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill.1993); *McCoy v. Chesapeake Corr'l Ctr.*, 788 F.Supp.

2

890, 893-894 (E.D. Va. 1992). Because the Robertson County Jail is not a person for purposes of § 1983, the plaintiff fails to satisfy the second part of the two-part test under *Parratt, supra* at p. 1

Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against the County of Robertson, the entity responsible for operating the Robertson County Jail. However, for County of Robertson to be liable, the plaintiff must allege and prove that his constitutional rights were violated pursuant to a policy statement, ordinance, regulation or decision officially adopted and promulgated by the County. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 689-90; *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir. 1996). The plaintiff makes no such allegation, nor can such an allegation be liberally construed from the complaint. The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990).

### B. Officers Butner, Young, and Steels, and the Two Unnamed "Road Officers"

In the body of the complaint, the plaintiff has checked the boxes corresponding to official capacity for both the Robertson County Jail and Officer Steels. (Docket Entry No. 1, ¶ III.B.1-2, p. 4) Although there is no space provided on the continuation page to specify the capacity in which the plaintiff is suing the remaining defendants (Docket Entry No. 1, ¶ III.B, cont. p. 4), in the demand for relief the plaintiff writes, "'All together, suing in official capacity'" (Docket Entry No. 1, ¶ V, p. 5). From this, the Court concludes that the plaintiff intended to sue all of the defendants in their official capacity.

In an official-capacity-only lawsuit, the real party in interest is the represented governmental entity. *See Hafer v. Mels*, 502 U.S. 21, 25-26 (1991). Because the plaintiff is, in essence, suing the

3

County of Robertson for the actions of the above-named defendants, for the reasons previously explained, *supra* at p. 3, the plaintiff must allege and prove that their actions stemmed from a County policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. The plaintiff does not allege that any such County policy, regulation, decision, custom, or tolerance of a custom of such violations was responsible for the alleged actions of the above-named defendants, nor can such an inference be liberally construed from the complaint. As already noted, the Court is not required to conjure up unpled facts where no facts are pled.

### III. CONCLUSION

As reasoned herein, the County of Robertson is not liable for the alleged actions of the Robertson County Jail, Officers Butner, Young, and Steels, or the two unnamed "road officers." Accordingly, the complaint will be dismissed for failure to state a claim on which relief may be granted.

An appropriate order will be entered.

Robert L. Echols
United States District Judge